**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEON JEFFREY NICELY, JR.,

                    Petitioner,

v.                                                        Case No. 3:15-cv-1183-J-32MCR

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                    Respondents.

_____

## ORDER

### I. Status

          Petitioner, an inmate of the Florida penal system, initiated this case by filing a form

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). On November 7, 1996,

after pleading guilty to one count of armed robbery, Petitioner was sentenced to twenty-five

years imprisonment as a habitual felony offender.[1] In his Petition, he states that he is

"challenging his incarceration" rather than his conviction or sentence, and he raises three

grounds: (1) "Laws of Florida, Ch. 95-294, § 2 violates the Due Process Clause of the State

and Federal Constitutions"; (2) "Laws of Florida, Ch. 95-294, § 2 was revised by Laws of

Florida, Ch. 95-184, § 26 before enactment"; and (3) "[t]he State never addressed the merits

in Petitioner['s] Amended Writ of Habeas Corpus" filed in state court. Petition at 5-8. The crux

of Petitioner's arguments is that the Florida statute governing the award of gain time is

_____

          [1] The conviction and sentence are from Duval County, Florida.

unconstitutional, and because it is unconstitutional, "Petitioner will be under the 1994 gain-time system, which will grant [him] an immediate release from custody." Id. at 13-14.

Respondents filed a Response with exhibits (Doc. 21). Respondents argue that the Petition should be dismissed because "[t]he interpretation of state gain time statutes is a matter of state procedures and state law." Response at 6-7. Respondents also assert that the claims have no merit. Id. at 8-10. Petitioner filed a Reply (Doc. 24) reiterating his position that the statute is unconstitutional. This case is ripe for review.[2]

## II.  Statutes Governing Habeas Corpus – 28 U.S.C. § 2241 and § 2254

All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

---

[2] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

<u>Medberry v. Crosby</u>, 351 F.3d 1049, 1062 (11th Cir. 2003). Petitioner is currently in custody as a result of a state court judgment of conviction. Thus, the Petition is governed by both § 2241 and § 2254.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal habeas corpus petition. <u>See</u> <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert.</u> <u>denied</u>, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" <u>Id.</u> (quoting <u>Greene v. Fisher</u>, 565 U.S. 34, 38 (2011)).

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," <u>id.</u> § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[] <u>Id.</u> § 2254(e)(1); <u>Ferrell v. Hall</u>, 640 F.3d 1199, 1223 (11th Cir. 2011).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." <u>Renico v. Lett</u>, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." <u>Harrington v. Richter</u>, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u> [at 102] (citing <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75 (2003)). The Supreme Court has

3

> repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

"[A] federal court reviewing the judgment of a state court must first identify the last adjudication on the merits. It does not matter whether that adjudication provided a reasoned opinion because section 2254(d) 'refers only to a decision' and does not 'requir[e] a statement of reasons.'" Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016) (quoting Richter, 562 U.S. at 98), cert. granted, 137 S. Ct. 1203 (2017). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99 (citation omitted). When the last adjudication on the merits "'is unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show[] there was no reasonable basis for the state court to deny relief.'" Wilson, 834 F.3d at 1235 (quoting Richter, 562 U.S. at 98). "'[A] habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court.'" Id. (quoting Richter, 562 U.S. at 102).

When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state supreme court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.

Id. at 1239.[3]

## IV. Analysis

### A. Grounds One and Two

Petitioner claims that Florida's gain time statute violates due process. He argues that "[i]f a statute is not included in the latest version of the statutory codification, it is deemed to have been repealed. The text of Ch. 95-294, § 2 was never included in the official Florida Statutes 1995 published by the State of Florida." Petition at 5. He also claims "that Ch. 95-184 supersedes Ch. 95-294." Id. at 7.

He raised both of these claims in an amended habeas petition filed in the circuit court in and for Bradford County, Florida.[4] Doc. 21-1 at 35-63. The state court dismissed the amended petition without prejudice, finding that it had no jurisdiction to review the legality of the judgment and sentence. Id. at 64-65. Petitioner appealed. Doc 21-2 at 5-17. The State filed an answer brief. Doc. 21-2 at 19-30. The State acknowledged that the lower court erred "when it ruled that [Petitioner's] petition sought to challenge the legality of his judgment and

_____

[3] Wilson is currently before the Supreme Court. However, even under pre-Wilson AEDPA jurisprudence, the result here would be the same.

[4] When Petitioner filed the amended habeas petition in state court, he was housed at Florida State Prison which is located in Bradford County. See Doc. 21-1 at 35.

sentence because he was challenging the calculation of his gain time, not his sentence." Id. at 25. However, the State argued that the First District Court of Appeal (DCA) should still affirm, because "the lower court properly denied relief, even if for the wrong reason." Id. The First DCA per curiam affirmed without a written opinion. Id. at 32.

The purpose of a federal habeas proceeding is to review the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws of the United States. Coleman v. Thompson, 501 U.S. 722, 730 (1991). "Indeed, questions of state law rarely raise issues of federal constitutional significance and, therefore, '[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Sneed v. Fla. Dep't of Corr., 496 F. App'x 20, 24-25 (11th Cir. 2012) (quoting Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir.1983)). Insofar as Petitioner is challenging the state court's interpretation of state law, this Court on federal habeas review cannot provide him with relief. See generally Pollock v. Sec'y, Fla. Dep't of Corr., 349 F. App'x 383, 385 (11th Cir. 2009) ("Appellant's claim that the state forum interpreted and applied improperly its gain-time statute is not cognizable on federal habeas review.").

Assuming these grounds raise claims that are cognizable on federal habeas review and the First DCA's opinion was an adjudication on the merits, this Court applies AEDPA's deferential standard to the state appellate court's decision. Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the

6

evidence presented in the state court proceedings. Therefore, Grounds One and Two are due to be denied.

Even if the state court's adjudication is not entitled to deference, the claims have no merit. Chapter 95-184 states, "[T]his act shall take effect upon becoming a law" and it was approved by the Governor on June 8, 1995. <u>See</u> Crimes–Justice System–General Amendments, 1995 Fla. Sess. Law Serv. Ch. 95-184 (C.S.S.B. 172). Chapter 95-294 states, "This act shall take effect October 1, 1995" and it became a law without the Governor's approval on June 15, 1995. <u>See</u> Criminal Procedure–Gain Time–Parole, 1995 Fla. Sess. Law Serv. Ch. 95-294 (C.S.H.B. 687). As such, Chapter 95-184 could not have superseded Chapter 94-294 (codified in Florida Statutes section 944.275). Petitioner is not entitled to federal habeas relief on Grounds One or Two.[5]

---

[5] The Florida Supreme Court rejected a prisoner's claim that the unconstitutionality of Chapter 95-184 renders Chapter 95-294 unconstitutional as well because it was enacted in the same session and addressed the same statute.

> The general provision that created the requirement for serving 85% of the sentence imposed was enacted by chapter 95-294, section 2 (the Stop Turning Out Prisoners Act). It amended section 944.275 to provide that all inmates, not just career criminals, with offense dates on or after October 1, 1995, must serve 85% of their sentences (i.e., no more than 15% of gain time is allowed).
>
> . . . .
>
> Although chapter 95-184, which included some gain time provisions, was held unconstitutional, such determination does not mean that the provisions of chapter 95-294, which provide for reduced gain time for all offenders, must also automatically fail. Chapter 95-184 was an extensive act that attempted to amend many different statutes and was determined to have violated the single subject rule. Chapter 95–294, which was

**B. Ground Three**

Petitioner asserts that the State never addressed the merits of his amended habeas petition filed in state court. Petition at 8. He argues that the State admitted the lower court erred in dismissing his amended habeas petition, but the State compounded the error by asserting that Petitioner raised a claim under Heggs v. State, 759 So. 2d 620 (Fla. 2000). See id. He states that he is "raising a facial challenge to Laws of Florida, Ch. 95-294, § 2." Id. According to Petitioner, "[t]his statute is null and void having been revised by Laws of Florida, Ch. 95-184, § 26 before enactment. (Both w[ere] enacted together)." Id.[6]

"[D]efects in state collateral proceedings do not provide a basis for habeas relief." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009). Insofar as Petitioner is alleging error in the state court postconviction proceeding, the claim is not appropriate for federal habeas review. Even assuming Petitioner presents a sufficiently exhausted federal habeas claim, he is simply mistaken in his analysis, and he is not entitled to federal habeas relief on Ground Three. Accordingly, it is

**ORDERED**:

1.     The Petition (Doc. 1) is **DENIED** and this case is **DISMISSED with prejudice**.

---

        entitled the "Stop Turning Out Prisoners Act," is a very short act affecting very few gain time statutes, and it generally reduces inmates' options for early release. It clearly only relates to the one subject embraced in its title and, thus, it survives the single subject test.

Comer v. Moore, 817 So. 2d 784, 785-86 (Fla. 2002). Petitioner's offense date (July 9, 1996) and his conviction date (November 7, 1996) are after the statute's effective date.

[6] To the extent Ground Three overlaps with Grounds One and Two, Ground Three is denied for the same reasons.

2.      The pending motions (Docs. 27, 29, 31) are **DENIED as moot**.[7]

3.      The Clerk shall enter judgment denying the Petition and dismissing this case with prejudice. The Clerk shall thereafter close the file.

4.      If Petitioner appeals, the Court denies a certificate of appealability.[8] The Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of March, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

---

[7] One of Petitioner's pending motions is a request to transfer this case to the Northern District of Florida based on Petitioner's transfer to an institution located within that District. See Doc. 29. Petitioner was incarcerated in this District when he filed this case. This Court properly acquired jurisdiction when the Petition was filed, and Petitioner's subsequent transfers do not defeat that jurisdiction.

[8] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

JAX-3 3/8
c:
Leon Jeffrey Nicely, Jr., #331774
Counsel of Record